CARMEN J. ROCAFORT DE LÓPEZ, REGISTRADORA DE LA PROPIEDAD, SAN JUAN VIII, promovente, *v.* MANUEL ÁLVAREZ y JOSÉ A. SENA, promovidos.

*Número:* O-81-570    *Resuelto:* 6 de abril de 1982

*Francisco Agrait Oliveras, Teresa M. Lube Capó,* y *Roberto Corretjer Piquer,* abogados de los promovidos; la Registradora promovente compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Este recurso nos permite atender a la contradicción histórica entre preceptos procesales, en que han coexistido como medios de advertencia de pleito pendiente el aviso de demanda del Art. 91 del antiguo Código de Enjuiciamiento Civil (hoy Regla 56.7 de Procedimiento Civil) y la anotación preventiva de demanda del anterior Art. 42 de la Ley Hipotecaria, hoy regulada por los Arts. 112 y 113 de Ley de 1979, y refundir ambos remedios integrándolos en su común propósito. A la solución propuesta nos permite llegar la facultad interpretativa de la ley, guardando lealtad al propósito que le insufló vida. Ya antes hemos sostenido la función de la interpretación judicial ‘para negar eficacia a un precepto "aún hasta el punto de sustituir o eliminar judicialmente" alguna disposición estatutaria que derrote el propósito de la ley. *Roig Commercial Bank* v. *Buscaglia, Tes.,* 74 D.P.R. 986, 997–998 (1953). *Cf. Clínica Juliá* v. *Sec. de Hacienda,* 76 D.P.R. 509, 520 y ss. (1954); *Banuchi* v. *Corte,* 64 D.P.R. 112, 120 (1944); *Descartes, Tes.* v. *Tribl. Contrib., y Sucn. Cautiño,* 71 D.P.R. 248, 253 (1950); *Pueblo* v. *Mantilla,* 71 D.P.R. 36, 43–44 (1950); *Calaf* v. *Sec. de Hacienda,* 76 D.P.R. 577, 584 (1954).

Los promovidos presentaron en el Registro de la Propiedad copia certificada de una demanda con seis causas de acción de las cuales la primera y la tercera

pueden tipificarse como acción derivativa de accionistas minoritarios én protección de intereses corporativos, además de los suyos propios, que no tiene un derecho real inscrito como base para su ejercicio; refiriéndose las cuatro restantes a reclamaciones personales de servicios impagados, daños y perjuicios y reclamación de condominios,[1] estas últimas con elementos de vocación real reivindicatoria, anotable preventivamente bajo el número uno del Art. 112 de la Ley Hipotecaria. 30 L.P.R.A. sec. 2401. Mas no solicitaron dicha anotación preventiva,[2] ya que no acompañaron la providencia judicial exigida por el vigente Art. 113, sino aviso de pleito pendiente a tenor de la Regla 56.7 de Procedimiento Civil con constancia de notificación previa a la parte demandada.

La Registradora denegó la anotación *lis pendens*, y por vía del Art. 77, párr. 6to de la Ley, 30 L.P.R.A. sec. 2280, promovió el recurso gubernativo por estar envuelta una antinomia de leyes que ha recibido considerable atención en la discusión académica, en el comentario de voces autorizadas y en la propia jurisprudencia de este Tribunal, con preponderante criterio en favor de la providencia judicial como gestora de este remedio provisional de aseguramiento de efectividad de sentencia, según lo exponen las más recientes decisiones en *Kermit Const. Corp.* v. *Registrador*, 103 D.P.R. 583, 589 (1975); *Maldonado Cruz* v. *Registrador*, 107 D.P.R. 71, 75 (1978); *Cruz Lacorte* v.

---

[1] Participaciones de 10% y 4% en rústica de 3 cuerdas en Carolina, e igual proporción en Apartamento 10-G Condominio Laguna Gardens, Carolina, que aparecen inscritas en su totalidad y en dominio, a favor de Intaco Puerto Rico, Inc.

[2] Sin embargo, alegan como alternativa derecho a anotación preventiva sin resolución judicial sobre la premisa de que en la acción derivativa en que los accionistas minoritarios representan el interés de la corporación, ésta que es la titular registral de los inmuebles es la verdadera parte demandante. Fletcher, *Cyc. Corp.* (Perm. Ed.), 1980, Vol. 13, sec. 5994, pág. 500; Clark, *Handbook Private Corp.*, 3ra ed., 1916, secs. 149–151a, págs. 503–504; pero resulta que en su reclamación de condominios, los promovidos representan exclusivamente su interés y derecho, y no el de la corporación.

*Registrador*, 109 D.P.R. 354 (1980); y *Banco Central y Economías* v. *Registrador*, 111 D.P.R. 773 (1981).

La preocupación por trato igual tanto al anotante como el que sufre el gravamen, protección y garantía de justicia que un juez puede proveer es de añeja estirpe. Al destacar que ni la Ley ni el Reglamento obligan a dar audiencia a la parte contraria antes de ordenar la anotación y que ésta representa una efectiva limitación del derecho de propiedad, Morell y Terry se manifiesta contra la extrema facilidad en la concesión de la anotación preventiva de demanda, y en notable coincidencia con la justificación que hoy se exige para la orden de entredicho, y demás remedios provisionales, comprende que la ley exija "la presentación de documento que se estime *bastante* por el Juez, precepto que supone dos requisitos necesarios: uno, la existencia de documento que excluye toda reclamación fundada en contratos verbales, información testifical u otros medios más o menos informales; y otro, que ese documento sea bastante para obtener la anotación, llevando al ánimo cierta convicción de verdad y de probable éxito, y hallándose desde luego comprendida por el carácter real de la reclamación y afectar a derechos reales inscritos, en el número primero del art. 42 de la ley. El documento no es necesario que sea público; pero su naturaleza y circunstancias han de apreciarse debidamente por la autoridad judicial". (Énfasis en el original.) *Comentarios a la Legislación Hipotecaria*, 2da ed., 1928, T. 3, págs. 39-40.

La apreciación crítica de suficiencia del documento presentado queda al prudente arbitrio del juzgador. Roca Sastre, *Derecho Hipotecario*, 6ta ed., 1968, T. 2, pág. 864. La intervención de un juez en la gestación de esta medida cautelar es de la mayor importancia, considerando que esta anotación preventiva de demanda en nuestra patria no está moderada como en España, por la exigencia —potestad del magistrado— de que el demandante asuma la

obligación de indemnizar los perjuicios que de la anotación puedan seguirse al demandado en caso de ser absuelto. Roca Sastre, *op. cit.*, págs. 864–865. Arts. 43 Ley y 139 Reglamento español. [3]

Los textos legales mediante los que se incorporó a nuestro sistema registral este asiento de cautela y previsión, fuentes de confusión por su disímil abolengo, son los siguientes:

Art. 42, Ley Hipotecaria de 1893, hoy derogado:

Podrán pedir anotación preventiva de sus respectivos derechos en el Registro público correspondiente:

1.° El que demandare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extinción de cualquier derecho real.

Art. 43, Ley de 1893, hoy derogado:

En el caso del núm. 1.° del artículo anterior, no podrá hacerse la anotación preventiva, sino cuando se ordene por providencia judicial dictada a instancia de parte legítima y en virtud de documento bastante, al prudente arbitrio del juzgador.

Art. 112, Ley Hipotecaria de 1979 (30 L.P.R.A. sec. 2401):

Podrán pedir anotación preventiva de sus respectivos derechos en el Registro:

1ro. El que reclamare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o

---

[3] Art. 43 *Ley* española.

"En el caso del núm. 1.° del artículo anterior [cuando se demandare en juicio la propiedad de bienes inmuebles, o la constitución, declaración, modificación o extinción de cualquier derecho real], no podrá hacerse la anotación preventiva, sino cuando se ordene por providencia judicial. . . ."

Art. 139 *Reglamento* español.

"El que propusiere demanda en los casos a que se refieren los artículos 38 y número primero del artículo 42 de la Ley [quien demandare en juicio la propiedad de bienes inmuebles, etc. *supra*], podrá pedir al mismo tiempo, o después, su anotación preventiva, ofreciendo indemnizar los perjuicios que de ella puedan seguirse al demandado en caso de ser absuelto, a cuyo efecto el Juez podrá exigir la caución que estime adecuada."

extinción de cualquier derecho registrable, o el que reclamare en alguna acción que afecte al título de propiedad inmueble, o sobre la validez y eficacia, o invalidez o ineficacia, del título o títulos referentes a la adquisición, constitución, declaración, modificación o extinción de los precitados derechos registrables.

Art. 113, Ley Hipotecaria de 1979 (30 L.P.R.A. sec. 2402):

En el caso del número uno [del artículo] anterior, no podrá hacerse la anotación preventiva sino cuando se ordene por providencia judicial dictada a instancia de parte legítima y en virtud de documento bastante al prudente arbitrio del juzgador, excepto cuando la acción tenga un derecho real inscrito como base para su ejercicio, en cuyo caso será suficiente para su anotación en el Registro la presentación de copia certificada de la demanda.

Art. 114.1 Reglamento:

Los derechos a que se refiere el número uno del artículo 112 de la Ley [30 L.P.R.A. sec. 2401, inciso 1ro] son aquellos reales o que en virtud de alguna disposición de la misma [ley] son inscribibles o anotables.

Art. 91, Código de Enjuiciamiento Civil derogado:

En una acción que afecte al título o al derecho de posesión de propiedad inmueble, el demandante al tiempo de presentar la demanda y el demandado al tiempo de formular su contestación, cuando en dicha contestación se solicite un remedio a su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que esté situada la propiedad o alguna parte de la misma, un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción.

Regla 56.7 Procedimiento Civil. *Aviso de pleito pendiente:*

En una acción que afecte el título o el derecho de posesión de propiedad inmueble, el demandante al tiempo de presentar la demanda y el demandado al tiempo de formular su

contestación, o en cualquier tiempo después, cuando solicitaren se declare que lo que se reclama es suyo, podrán previa notificación a la parte adversamente afectada, presentar para su anotación al Registrador de la Propiedad del distrito en que esté situada la propiedad o alguna parte de la misma, un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción. Sólo desde el día de la presentación del aviso para ser anotado se considerará que el comprador o la persona que adquiere un derecho sobre la propiedad litigiosa, tiene conocimiento.

El tribunal ante el cual se encuentra pendiente la acción tendrá la facultad para ordenar la cancelación del aviso de cuestión litigiosa pendiente, previa la celebración de una vista y la prestación de una fianza en la cuantía que estime razonable, tomando en cuenta la probabilidad de prevalecer la parte actora, el valor de la propiedad o derecho envuelto y las demás circunstancias del caso.

El Juez Jacinto Texidor señaló con precisión la inferioridad técnica y substantiva del aviso de *lis pendens* del Art. 91 de Enjuiciamiento Civil comparado con la anotación preventiva de demanda del Art. 42, Ley Hipotecaria, al expresar en *Padilla* v. *Registrador*, 39 D.P.R. 532, 539 (1929):

Percíbese, a primera vista, la diferencia entre este artículo y el de la Ley Hipotecaria que hemos citado. Para la anotación preventiva se requiere que la demanda lo sea de propiedad o de cualquier derecho real. Para el aviso al Registro, en el caso del artículo 91, de acción que afecte al título o derecho de posesión, sin que pueda precisarse el exacto sentido del verbo "afectar" ni la época o tiempo a que el artículo se refiere. Para la anotación preventiva de Ley Hipotecaria, la necesaria intervención del juez, como garantía más sólida. Para la de procedimiento, la determinación de la voluntad de la parte. En la anotación preventiva de que se trata, se establece por el Reglamento en su artículo 126[4] la forma completa, el mejor aviso a todos, en que se

---

[4] El Art. 91 del Reglamento, Ley de 1893 como el actual Art. 139 del

ha de extender. Para la anotación con arreglo a la ley procesal, basta una nota marginal. Para la anotación preventiva hipotecaria en este caso, la garantía de que habla el artículo 91 del Reglamento para ejecución de la Ley Hipotecaria: para la nota con arreglo a la ley procesal, sin garantía alguna.

Como aviso, los dos procedimientos producen el efecto de avisar: el uno en forma más firme, solemne y segura. Pero aparte de eso, existe entre ambos una diferencia digna de aprecio.

■ El objetivo de la Ley Hipotecaria de 1979 fue refundir en sus Arts. 112 y 113 ambos preceptos en competencia procesal, que han venido regulando este valioso instrumento de seguridad y publicidad registral. Mojica Sandoz, *Reflexiones sobre la Anotación de Demanda de Propiedad*, 43 Rev. C. Abo. P.R. 99 (Feb. 1982). Como hemos visto, la deseada integración quedó frustrada y continuamos regidos por disposiciones antitéticas padeciendo una incompatibilidad procesal entre la anotación preventiva que tiene como nervio central la intervención de un juez desde un principio con amplio arbitrio para evaluar y ponderar los méritos de la solicitud de providencia judicial por el promovente y proteger al demandado que no ha sido oído de una acción maliciosa y bastarda encubierta por un recurso de derecho; y de otra parte la desacreditada acción unilateral, que responde solo a la voluntad del demandante, con un poder irrestricto para trabar y afectar

vigente Reglamento español, *ante*, incluía la oferta de indemnización de perjuicios al disponer:

"El que propusiere la demanda de propiedad a que se refiere el caso 1.° del art. 42 de la ley, podrá pedir al mismo tiempo o después, su anotación preventiva, ofreciendo indemnizar los perjuicios que de ella puedan seguirse al demandado en caso de ser absuelto.

"El Juez o Tribunal mandará hacer la anotación, si fuere procedente, al admitir la demanda; y si aquélla se pidiese después, en el término de tercero día."

Nuestro nuevo Reglamento, Art. 115.1 sacrificó esa garantía contra pleitos frívolos y simplemente hostigantes para contemporizar con la ausencia de ese requisito y laxitud general de la Regla 56.7 Proc. Civil.

los bienes de su adversario y obligarlo a prestar una fianza si quiere librarse de la mácula impuesta a su título de dominio. Tan abusivo es el método de la Regla 56.7 en su informalidad, que ni siquiera exige del demandante la presentación de copia de la demanda, bastándole "un *aviso* de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción", negando así al demandado hasta el alivio que pudiera proveer una calificación a fondo del documento. (Énfasis nuestro.)

Nuestra cuidadosa legislación sobre remedios provisionales, inspirada en el principio de la pronta intervención del juez[5] y el mandato a éste de usar su discreción en la protección de los intereses de todas las partes (Regla 56.1 Proc. Civil) simplemente rechaza todo estigma de arbitrariedad, que no otra cosa representa esta evasión del sistema de Derecho en la gestión particular de un remedio.

■ Confrontamos un caso de concurrencia de normas[6] de antinomia o contradicción irreductible, en que el intérprete ha de tener por no escrita e ineficaz, entre las disposiciones antagónicas, aquella que representa una desviación de los principios generales. Al preferir la interpretación lógica y teleológica, el Tribunal Supremo español ha afirmado en sentencia de 26 noviembre, 1929 que si la justicia ha de administrarse recta y cumplidamente el precepto debe aplicarse "en forma tal que permita, usándose por el juzgador de una adecuada y justa flexibilidad de criterio, acomodarse a las circunstancias del caso".

Castán,[7] recio partidario del método sociológico o evolutivo, le resta valor a la indagación de la voluntad del

---

[5] Sólo así pudo revalidar su constitucionalidad. *Pizá Blondet* v. *Tribunal Superior*, 103 D.P.R. 466 (1975).

[6] Castán Tobeñas, *Derecho Civil Español, Común y Foral*, 10ma ed., 1962, T. 1, Vol. 1, págs. 421–422.

[7] *Op. cit.*, págs. 412–414.

legislador, y ve la ley como producto de las condiciones sociales, y la necesidad de relacionar la norma con aquellas otras que integran una institución jurídica, y cada institución con las demás, hasta llegar a los principios fundamentales del sistema jurídico total. Ya la utilidad o interés social contemporáneo en la ley[8] ha alcanzado el prestigio de norma jurídica declarada en el Núm. 1 del Art. 3 del nuevo Título Preliminar del Código Civil español que dice: "las normas se interpretarán según el sentido propio de sus palabras, en relación con el contexto, los antecedentes históricos y legislativos, y la realidad social del tiempo en que han de ser aplicadas, atendiendo fundamentalmente al espíritu y finalidad de aquéllas."

Esta reencarnación del Art. 91 de Enjuiciamiento Civil de principios de siglo que hasta hoy ha resistido la naturalización, como hemos visto, no provee para la intervención del magistrado desde el inicio de los procedimientos en este particular remedio de aseguramiento de sentencia. *Cf. Domínguez Talavera v. Tribunal Superior*, 102 D.P.R. 423 (1974); *Mitchell v. Grant*, 416 U.S. 600 (1974). Hay que integrarlo a nuestro derecho, refundirlo en normas que representen los principios de legalidad en nuestra época, actualizarlo para que sirva la realidad de nuestro tiempo. El desarrollo y extraordinario avance de la facultad de interpretación judicial de las leyes por el método evolutivo histórico, también llamado sociológico, y el recurso a la sistematización del Derecho, pueden ir en auxilio de la integridad de nuestro ordenamiento legal declarando ineficaz el primer párrafo de la Regla 56.7 y conservando su párrafo segundo que introduce el provechoso y justo recurso de fianza que permita al demandado que sufre la anotación de sus bienes liberarlos de este gravamen interino, pero aun así gravamen, mediante la prestación de adecuada fianza. Al integrar y refundir este

---

[8] *Febo Ortega* v. *Tribunal Superior*, 102 D.P.R. 405, 408 (1974).

párrafo segundo que subsiste queda mejorado el procedimiento que para la anotación preventiva de demanda ordenan los Arts. 112 y 113 de la Ley Hipotecaria, único medio éste de ahora en adelante por el cual podrá obtenerse la medida de seguridad y efectividad de sentencia que ha sido el objeto común de estos preceptos. Véase, Prof. Sarah Torres Peralta, *La Anotación Preventiva de Demanda*, 42 Rev. C. Abo. P.R. 407 (agosto 1981).

Con estos antecedentes y fundamentos, *se confirmará la calificación de la Registradora promovente.*