E. R. Foods Inc. of Condado, demandante, *v.* Lee Optical
and Associated Companies Profit Sharing Trust, etc.,
demandado.

*Número:* CE-86-164     *Resuelto:* 26 de junio de 1986

*Ciro A. Betancourt,* abogado del demandante; *Maritza I. Munich,* de *Rivera, Tulla & Ferrer* y *Álvaro R. Calderón, Jr.,*

abogados de la codemandada Walgreen's de P. R.; *Orlando Fernández,* de *John M. García Law Offices,* abogado de la codemandada Lee Optical & Associated Companies Profit Sharing Trust.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

Lee Optical & Associated Companies Profit Sharing Trust (Lee Optical) era propietaria de un inmueble sito entre las avenidas Condado y Ashford en El Condado. La estructura estaba dividida en dos locales: uno alquilado a Walgreen's of Puerto Rico, Inc. y el otro, desde noviembre de 1981, a E. R. Foods, Inc.

El contrato privado de arrendamiento entre Lee Optical y E. R. Foods era por veinte (20) años a partir del 1ro de enero de 1982 basado en un canon mensual de $5,000 más una suma adicional computable según las ventas. Estipulaba que todo comprador debería respetar al arrendatario en su posesión. Cualquier parte podría obligar a la otra a elevar los términos del arrendamiento a escritura pública e inscribirlo en el Registro de la Propiedad. Ello no se llevó a cabo y por ende E. R. Foods nunca inscribió su derecho.

En mayo de 1985 E. R. Foods tuvo conocimiento de que Lee Optical gestionaba la venta a Walgreen's de toda la propiedad. Alegadamente entonces E. R. Foods le solicitó a la arrendadora que elevara el arrendamiento a escritura pública. No se hizo.

El 20 de junio de 1985, un día antes de la venta, E.R. Foods incoó demanda en el Tribunal Superior, Sala de San Juan, contra Lee Optical para requerir que el contrato de arrendamiento se elevara a escritura pública. El mismo día, en calidad de demandante, presentó al Registro de la Propiedad, Sección I de San Juan, copia de su demanda y solicitó un aviso de *lis pendens* bajo la Regla 56.7 de Procedimiento Civil.

Al día siguiente Walgreen's le notificó oficialmente que había adquirido la propiedad por compra y le concedió treinta (30) días a E. R. Foods para desalojar.

El 30 de septiembre de 1985 la acción de E. R. Foods fue trasladada a la Corte de Distrito Federal para el Distrito de Puerto Rico. Posteriormente, el 24 de septiembre, se incluyó a Walgreen's como demandada. El 1ro de octubre ésta inició una acción de desahucio contra E. R. Foods.

El 12 de diciembre el Registrador de la Propiedad comunicó su denegatoria de inscripción a E. R. Foods y señaló la siguiente falta:

> No procede la anotación del aviso de demanda si no se cumple con lo dispuesto en el artículo 113 de la vigente Ley Hipotecaria.

Pendiente de ser subsanada, el Tribunal Superior desestimó el pleito de desahucio por prematuro. Dicho foro entendió que todo el litigio dependía de la actuación registral. Razonó que si se subsanaba el defecto, Walgreen's vendría obligado a respetar la vigencia del contrato de arrendamiento.

El 17 de enero de 1986, E. R. Foods solicitó a la Corte Federal que emitiera una orden al Registrador de la Propiedad para que realizara una "Anotación preventiva de demanda". La orden fue emitida el 7 de febrero. El 27 del mismo mes Walgreen's le presentó una moción para solicitarle que revocara esa orden o certificara a este Tribunal la cuestión de derecho envuelta. El foro federal acogió esta última petición. Como resultado atendemos la siguiente interrogante debidamente certificada:

> Si la petición de E. R. Foods, Inc. de Condado (E. R. Foods) al Registrador de la Propiedad de Puerto Rico para una anotación de *lis pendens* sin orden judicial previa según requerida por el Art. 113 de la Ley Hipotecaria de P.R., 30 L.P.R.A. sec. 2402, era nula *ab initio* y, consecuentemente, sus defectos no pueden subsanarse, o si una orden del tribunal emitida y presentada al Registro dentro de los 60 días

provistos en 30 L.P.R.A. sec. 2272, se retrotraería a la fecha de presentación original de *lis pendens* al Registro de la Propiedad. (Traducción nuestra.)

## II

■ La presentación del aviso de *lis pendens* luego de nuestra decisión en *Rocafort* v. *Álvarez*, 112 D.P.R. 563 (1982), no tiene efectos registrales. Nos explicamos. En *Rocafort*, supra, enfrentamos la antinomia histórica entre el aviso de pleito pendiente, regulado por la Ley Hipotecaria, y el *lis pendens*, regido por nuestro ordenamiento procesal civil. Por vía de interpretación judicial declaramos ineficaz el procedimiento de *lis pendens*. Regla 56.7 de Procedimiento Civil. Nuestra determinación estuvo motivada, ante todo, por la ausencia de intervención judicial *previa* a la adquisición de este remedio cautelar. *Rocafort* v. *Álvarez*, supra, pág. 572. Es evidente pues, que concebir como subsanable la falta notificada por el Registrador es obviar el fundamento mismo de nuestra decisión en *Rocafort*. Cualquiera podría presentar copia de una demanda certificada en el Registro o un aviso de demanda y luego, meses después —como en el caso de autos— corregir esa falta de forma *retroactiva*. Tal trámite gozaría, a fin de cuentas, de las mismas ventajas que ofrecía el *lis pendens*. Sus efectos equivaldrían a someter bienes de un demandado a un gravamen que luego sería evaluado judicialmente. No podemos refrendar tal solución.

■ Al arribar a esta conclusión es menester una distinción. Existen documentos que aunque tengan defectos que vicien su validez tienen efectos registrales. Art. 68 (1) de la Ley Hipotecaria, 30 L.P.R.A. sec. 2271 (1). Otros, por el contrario, no tienen relevancia registral alguna. Tal es el caso, por ejemplo, de una carta enviada al Registrador solicitándole inscribir una compraventa que se detalla en la carta. Luego de *Rocafort* v. *Álvarez*, supra, el *lis pendens* pertenece a esta segunda categoría. El quid diferenciador está en el mandato de ley y

del Reglamento Hipotecario. Sólo tienen efectos registrales aquellos documentos autorizados por el ordenamiento legal positivo, aunque adolezcan de faltas que impidan su inscripción. En ese caso, se notificará la falta y el interesado tendrá el término dispuesto por ley para corregir el defecto, si es que a fin de cuentas ello es posible. *Informe de la Comisión de lo Jurídico del Senado sobre la Ley Hipotecaria*, reproducido en 14 Rev. Jur. U.I. 349, 377 (1980).

■ Recapitulando, bajo nuestro estado de derecho vigente, según pautado en *Rocafort* v. *Álvarez*, supra, el único medio para obtener la medida de seguridad objeto del aviso de demanda son los Arts. 112 y 113 de la Ley Hipotecaria, 30 L.P.R.A. secs. 2401 y 2402, en interrelación al segundo párrafo de la Regla 56.7 de Procedimiento Civil.

■ Lo expuesto nos permite contestar negativamente la pregunta certificada. La anotación de *lis pendens* sin orden judicial previa no tiene efectos registrales y no es susceptible de corrección.

*Se dictará la correspondiente sentencia.*

El Juez Presidente Señor Pons Núñez se inhibió.