VÍCTOR PÉREZ ACEVEDO, recurrente y peticionario, *v.* SUPERINTENDENTE DE LA POLICÍA, recurrido.

*Número:* CE-90-87        *Resuelto:* 29 de junio de 1990

*Neftalí Fuster González,* abogado del peticionario; *Jorge E. Pérez Díaz, Procurador General,* y *Carlos Lugo Fiol, Procurador General Auxiliar,* abogados del recurrido.

## SENTENCIA

Vistas las comparecencias de las partes, y mediante orden para mostrar causa, se expide el auto de *certiorari,* se dicta sentencia revocatoria y se instruye al Tribunal Superior, Sala de San Juan, que proceda a asumir jurisdicción y dictamine en sus méritos la revisión interpuesta.

Lo pronunció y manda el Tribunal y certifica el señor Secretario General Interino. El Juez Asociado Señor Negrón García emitió opinión concurrente, a la cual se unen los Jueces Asociados Señores Rebollo López y Alonso Alonso. El Juez Asociado Señor Hernández Denton emitió opinión disidente, a la cual se une el Juez Presidente Señor Pons Núñez. La Juez Asociada Señora Naveira de Rodón concurre con el resultado sin opinión escrita.

*(Fdo.)* Heriberto Pérez Ruiz
*Secretario General Interino*

—O—

Opinión concurrente del Juez Asociado Señor Negrón García, a la cual se unen los Jueces Asociados Señores Rebollo López y Alonso Alonso.

## I

El 26 de junio de 1989 la Comisión de Investigación, Procesamiento y Apelación (Comisión) emitió una resolución mediante la cual aumentó a cinco (5) meses la sanción de treinta (30) días de suspensión de empleo y sueldo que el Superintendente de la Policía le había impuesto previamente al policía Víctor Pérez Acevedo. En su dictamen la Comisión consignó que antes de una revisión judicial era menester —con carácter jurisdiccional— la presentación de una reconsideración ante ella en el término de

treinta (30) días. Advirtió que si la consideraba, el término para dicha revisión quedaba interrumpido, no así si la rechazaba de plano.

A tenor con esos señalamientos — que respondían a las disposiciones originales de la Sec. 3.15 de la Ley Núm. 170 de 12 de agosto de 1988, denominada *Ley de Procedimiento Administrativo Uniforme,* 3 L.P.R.A. sec. 2165— Pérez Acevedo presentó el 13 de julio una moción de reconsideración.[1] La Comisión la declaró sin lugar el 1ro de agosto (copia de su notificación fue archivada en autos el 8 de agosto).

Inconforme, Pérez Acevedo presentó recurso de revisión ante el Tribunal Superior, Sala de San Juan, el 14 de agosto de 1989. El 20 de diciembre el ilustrado foro de instancia (Hon. Ángel G. Hermida, Juez) lo desestimó por falta de jurisdicción. Reproducimos *in toto* su dictamen:

> Vista la solicitud de revisión y su apéndice, se desestima el recurso de revisión presentado, por falta de jurisdicción. Cuando la CIPA notificó al ahora recurrente su decisión de 26 de junio de 1989, le advirtió que tenía un plazo de 30 días para presentar una moción de reconsideración, y le advirtió además que si la moción de reconsideración fuese rechazada de plano se entendería que el término de 30 días para acudir en revisión al Tribunal Superior no quedaba interrumpido. Dicha advertencia fue conforme a la legislación vigente en dicho momento, Ley de Procedimiento Administrativo Uniforme. La moción de reconsideración fue presentada el 13 de julio, a tiempo, y fue denegada de plano por la CIPA el 1ro. de agosto de 1989. Por lo tanto, el plazo para la revisión judicial nunca se interrumpió y el mismo venció 30 días después del 26 de junio, o sea el miércoles 26 de julio 1989. El recurso de revisión no fue presentado a este Tribunal hasta el 14 de agosto, 19 días después de haber vencido el plazo jurisdiccional correspondiente. Apéndice I, pág. 2.

Contra dicha sentencia acudió ante nos Pérez Acevedo. En síntesis alega que su recurso de revisión fue presentado ante el Tribunal Superior dentro del término dispuesto por la Ley de

---

[1] El término de treinta (30) días para presentarla vencía el 26 de julio de 1989.

Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2101 y ss. En apoyo de su posición aduce que la Sec. 4.2 de dicha ley, 3 L.P.R.A. sec. 2172, dispone que una vez agotados los remedios administrativos, la parte afectada podrá presentar la solicitud de revisión en el término de treinta (30) días contados a partir del archivo en autos de la copia de la resolución u orden *final* de la agencia. Argumenta que aquí, la resolución que puso punto final a los trámites administrativos fue la de 1ro de agosto cuando se declaró sin lugar su reconsideración. En consecuencia sostiene que el término de treinta (30) días debe contarse a partir de esa notificación. En la alternativa —bajo el supuesto de que fuese correcta la interpretación del foro de instancia— nos señala que existe un conflicto insalvable entre las Secs. 3.15 y 4.2 de esta ley, 3 L.P.R.A. secs. 2165 y 2172, respectivamente. A esos efectos, argumenta que la primera (Sec. 3.15) establece que la reconsideración es requisito jurisdiccional para solicitar la revisión judicial. Sin embargo, *también* dispone que la misma debe presentarse dentro del término de treinta (30) días a partir de la notificación y, una vez presentada, el foro administrativo tendrá treinta (30) días para considerarla. Si no actúa en ese término, *se entenderá* rechazada de plano, ante lo cual se estimará que no se interrumpió el término —de treinta (30) días— para la revisión judicial. Nos dice que bajo ese esquema legal fue que presentó su reconsideración dentro de los treinta (30) días —el 13 de julio, que vencía el 26 de julio— por lo que, tomando en cuenta que dicho trámite era de carácter jurisdiccional, tenía que *esperar* a que la Comisión se pronunciara sobre la misma o que transcurriera dicho término para que se estimara rechazada de plano. Como resultado, se confrontó con un dilema: de un lado los treinta (30) días vencían el 12 de agosto, y de otro lado, en ese momento ya había expirado el término para presentar la revisión, la cual vencía el 26 de julio.

Ante los textos contradictorios de estas dos (2) secciones, nos invita a que pronunciemos *ineficaz* la Sec. 3.15, *supra*, que regula lo referente a la reconsideración. Se apoya en la norma de

hermenéutica que consigna que ante disposiciones antagónicas debe descartarse la que se aparta de los principios generales.

## II

Es significativo que la controversia planteada por Pérez Acevedo ya había sido vislumbrada por el ilustre juez de instancia, Hon. Ángel Hermida, en su artículo titulado *La Ley de Procedimiento Administrativo Uniforme de 1988, y las Reglas para la Revisión Judicial de 1989: algunos aspectos de especial interés para los jueces,* V (Núm. 2) *Forum* 16, 20 (1989), en el cual señaló:

> Como se puede ver, el plazo estatutario para la revisión judicial, a ser contado desde la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia, es de sólo 30 días. Como se podrá notar al comparar dicho plazo con los dispuestos para la moción de reconsideración a la agencia, la suma del plazo dispuesto para presentar la moción de reconsideración en sí (30 días) más el plazo para la agencia decidir si acoge o no la reconsideración (30 días) arroja un total de 60 días. *Si la agencia no actúa en forma alguna durante el plazo de 30 días que tiene disponible, quedando así implícitamente denegada de plano la moción de reconsideración, el plazo para la revisión judicial no se interrumpe. Y al ello ocurrir resulta que al expirar dicho plazo, y estar maduro el caso para solicitar la revisión judicial, el plazo para la revisión en sí (que es de sólo 30 días) habrá expirado desde antes.* A[u]n cuando la agencia no se tome los 30 días completos, sino que deniegue expresamente y de plano la moción de reconsideración en un plazo menor, y aun cuando el litigante tampoco se tome los 30 días completos para presentar su moción de reconsideración, sino que la presente en un plazo más corto, basta que la suma de estos dos plazos exceda de 30 días para que el plazo para la revisión judicial haya vencido efectivamente antes de que el caso esté maduro para la revisión judicial. (Énfasis suplido.)

La Asamblea Legislativa se percató del mismo problema. Para remediarlo enmendó, mediante la Ley Núm. 43 de 5 de agosto de 1989, la citada Sec. 3.15 para que leyese del modo siguiente:

*Sec. 2165—Reconsideración*

La parte adversamente afectada por una resolución, u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. *La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción cuya resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción.* Si la agencia dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los noventa (90) días de haber sido radicada una moción acogida para resolución, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que el tribunal, por justa causa, autorice a la agencia una prórroga para resolver, por un tiempo razonable.

La moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial. (Énfasis suplido.) 3 L.P.R.A. sec. 2165.

Ciertamente, esta enmienda resolvió el conflicto entre el texto original de las citadas Secs. 3.15 y 4.2. Según la misma, una vez presentada la moción de reconsideración en el nuevo plazo de veinte (20) días, el término para solicitar la revisión judicial queda interrumpido. Comienza a correr otra vez cuando se notifica una denegatoria a la moción o cuando transcurren quince (15) días computados desde su presentación sin que la agencia la haya considerado o cuando notifique la resolución que la resuelve.

Con esta enmienda, el legislador aclaró la confusión creada por la contradicción operacional entre las dos (2) secciones antes citadas. De ese modo salvaguardó el derecho de una parte afectada adversamente por la decisión de una agencia administrativa a acudir ante el foro judicial.

## III

Ante este breve historial, no podemos ignorar la disyuntiva procesal con la que se confrontó el peticionario Pérez Acevedo en el ejercicio de sus derechos. Nuestra jurisprudencia es lo suficientemente fértil como para atender justamente el conflicto estatutario que existía antes de la enmienda de 5 de agosto de 1989. Es aplicable al caso de autos la regla de interpretación expuesta en *Rocafort v. Álvarez*, 112 D.P.R. 563, 571 (1982), a los efectos de que "[c]onfrontamos un caso de concurrencia de normas de antinomia o contradicción irreductible, *en que el intérprete ha de tener por no escrita e ineficaz, entre las disposiciones antagónicas, aquella que representa una desviación de los principios generales*". (Énfasis suplido y escolios omitidos.)

Concluimos que las disposiciones de la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme, *supra*, antes de ser enmendadas, constituían una evidente desviación del principio general que siempre ha permeado nuestro ordenamiento administrativo. Se ha reconocido que el derecho a la revisión judicial de las decisiones de las agencias es parte del acceso constitucional a los tribunales, incluso aun en situaciones en que las leyes guardaban silencio al respecto. *López v. Muñoz, Gobernador*, 80 D.P.R. 4, 8 (1957); *Rivera v. Benítez, Rector*, 73 D.P.R. 377, 381–382 (1952).

Si tomamos como punto de partida la fecha en que se archivó la notificación de la resolución que declaró no ha lugar la reconsideración —8 de agosto de 1989— forzoso es concluir que el recurso de revisión del 14 de agosto de 1989 fue presentado dentro del término de treinta (30) días provisto por la ley.[2]

---

[2] Aparte de lo expuesto, notamos que al momento en que se resolvió dicha reconsideración y se presentó el recurso de revisión, había entrado en vigor la Ley Núm. 43 de 5 de agosto de 1989 (3 L.P.R.A. sec. 2165), enmendatoria de la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme. Dicha ley enmendatoria, en su Art. 10 dispuso que la misma comenzaba a regir *inmediatamente* después de su aprobación.

Tratándose de una norma de carácter procesal, la misma tiene efecto retroactivo, por lo que aplicaba tanto a las acciones pendientes al momento de su vigencia como a las

—O—

Opinión disidente emitida por el Juez Asociado Señor Hernández Denton, a la cual se une el Juez Presidente Señor Pons Núñez.

Disentimos por entender que en conformidad con el estado de derecho vigente al momento de suscitarse la controversia en el tribunal de instancia, éste carecía de jurisdicción para considerar el recurso de revisión presentado por el peticionario. Del estudio de los hechos procesales ocurridos en este pleito, confirmaríamos la resolución del ilustrado foro de instancia.

I

El 26 de junio de 1989 la Comisión de Investigación, Procesamiento y Apelación (en adelante C.I.P.A.) dictó la resolución que origina la controversia procesal ante nos. Ese mismo día se notificó la resolución al peticionario Víctor Pérez Acevedo.

El 13 de julio de 1989 el recurrente solicitó reconsideración a la C.I.P.A. La misma fue denegada de plano el 1ro de agosto de 1989. El 14 de agosto de 1989 el peticionario recurrió al foro judicial para cuestionar la resolución emitida por la C.I.P.A. El 20 de diciembre de 1989 el Tribunal Superior desestimó la solicitud del recurrente por el fundamento de que había sido radicada con posterioridad al término de treinta (30) días establecido en la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2172), y que por lo tanto carecía de jurisdicción para acogerla. Inconforme con este dictamen, el peticionario acude a este Tribunal mediante el recurso de *certiorari* y señala que cuando él recurrió al Tribunal Superior existía un conflicto entre las Secs. 3.15 y 4.2 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. secs. 2165 y 2172, respectivamente.

---

incoadas con posterioridad a la vigencia de la misma. Véase *Ortiz v. Fernós López*, 104 D.P.R. 851, 852 (1976).

La Sec. 3.15 del estatuto, *supra*, reglamenta las solicitudes de reconsideración que pueden ser presentadas luego de la resolución final de la agencia y textualmente dispone que:[1]

*Sec. 2165—Reconsideración*

La parte adversamente afectada por una resolución, u orden parcial o final podrá, dentro del término de treinta (30) días desde la fecha de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. *La agencia dentro de los treinta (30) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para solicitar revisión se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción.* Si la agencia dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los treinta (30) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.

*La moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial.* (Énfasis suplido.) 3 L.P.R.A. sec. 2165.

Por otro lado, la Sec. 4.2 de la Ley Núm. 170, *supra*, establece los términos bajo los cuales se puede solicitar revisión judicial ante el Tribunal Superior de las decisiones de la agencia. Dicha sección dispone como sigue:

*Sec. 2172. Revisión—Términos para radicar*

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal Superior con competencia dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha

---

[1]   Las citas se refieren al texto de la Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2165) como leía antes de las enmiendas aprobadas por la Legislatura en la Ley Núm. 43 de 5 de agosto de 1989 (3 L.P.R.A. secs. 2105(c)–(e), 2128(a), 2133, 2135(a), 2136, 2165, 2169, 2172 y 2177).

revisión. La notificación podrá hacerse por correo. 3 L.P.R.A. sec. 2172.

En conformidad con este estatuto, la reconsideración es un requisito jurisdiccional para poder instar recurso de revisión ante el Tribunal Superior. El estatuto también dispone que si la agencia administrativa *rechaza de plano la reconsideración, no se considerará interrumpido* el término para la revisión judicial, el cual será de treinta (30) días contados desde la notificación de la resolución.

Ese término de treinta *(30) días* para la revisión judicial en el caso de autos vencía el *26 de julio de 1989.* Por disposición de ley, ambos términos, tanto el de reconsideración como el de revisión judicial, comenzaban a correr desde el mismo punto de partida: *la notificación de la resolución de la agencia.* Según redactado el estatuto, existía la dificultad de que si la reconsideración se rechazaba de plano, o la agencia no la consideraba, no se interrumpía el plazo para instar la revisión judicial. Esta difícil situación suponía que el peticionario no podía descansar en la resolución sobre la reconsideración para presentar el recurso de revisión judicial. Por tal razón, el peticionario venía obligado a presentar el recurso de revisión judicial en tiempo, sin esperar la determinación de la agencia sobre la reconsideración.[2] Así lo hizo constar la agencia administrativa en el caso de autos.

No podemos refrendar la posición del peticionario, acogida por el Tribunal, de que a partir de la resolución que decretó un no ha lugar a la reconsideración es que empiezan a correr los términos para la revisión judicial. Tenemos varias razones para así creerlo. Primero, el contenido de la Sec. 3.15, *supra,* claramente dispone que si se rechaza de plano la reconsideración "el término para solicitar revisión se considerará como que nunca fue interrumpido". Segundo, el peticionario fue advertido por la

---

[2]  Tal y como señala la opinión mayoritaria, el legislador se percató de la difícil situación de la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2165, al aprobar la Ley Núm. 43, *supra,* que enmienda los términos ambiguos de ésta. Véase Informe de la Comisión de Gobierno de la Cámara de Representantes sobre el P. de la C. 232.

agencia administrativa sobre las consecuencias jurisdiccionales de su denegación de plano de la reconsideración. Tercero, el peticionario tampoco impugnó a tiempo la validez de la Sec. 3.15, *supra*, y el foro de instancia no tenía jurisdicción para considerar su planteamiento. Cuarto, el término jurisdiccional para solicitar revisión expiró *el 26 de julio de 1989*. No es hasta el 14 de agosto de 1989, es decir, cuarenta y nueve (49) días después de la notificación de la resolución de la agencia, que el peticionario acudió al tribunal *a quo*. Para esa fecha el tribunal no tenía jurisdicción para considerar su impugnación y, por ende, este Tribunal tampoco podía acoger su petición.

Ante esas consideraciones y en estricta adjudicación del derecho procesal aplicable a esta controversia, concluimos que actuó correctamente el foro de instancia al declararse sin jurisdicción para considerar el recurso presentado por el peticionario. Aunque compartimos la preocupación sobre los problemas creados por el conflicto entre estas secciones, el Tribunal Superior no tenía jurisdicción para considerar el recurso. En esas circunstancias, y al amparo de nuestro ordenamiento constitucional, correspondía a la Asamblea Legislativa promulgar las enmiendas correspondientes para eliminar el nudo gordiano creado por la legislación. Precisamente eso fue lo que hizo la Asamblea Legislativa en agosto de 1989. Por tales razones, disiento de la opinión mayoritaria.