TEXTO COMPLETO DE LA SENTENCIA
Mediante el recurso que nos ocupa los peticionarios interesan que revoquemos la resolución que emitiera el Tribunal de Primera Instancia, Sala Superior de Carolina, autorizando la anotación preventiva de la demanda enmendada que solicitaron los recurridos sobre tres (3) fincas pertenecientes a uno de los peticionarios, descansando en lo dispuesto en el Artículo 113 de la Ley Hipotecaria, 30 L.P.R.A., see. 2402.
Examinados los autos ante nos, lo dispuesto en las Reglas 56.1, 56.2 y 56.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, lo preceptuado en los Artículos 112 y 113 de la Ley Hipotecaria, 30 L.P.R.A. sees. 2401 y 2402, respectivamente, y lo resuelto por el Tribunal Supremo de Puerto Rico en Rivera Rodríguez v. Taylor, op. del 30 de junio de 1993, 93 J.T.S. 111; E.R. Food, Inc. v. Lee Optical, 117 D.P.R. 566 (1986) y en Rocafort v. Alvarez, 112 D.P.R. 563 (1982), le concedimos a la parte recurrida el término de veinte (20) días para que mostrara causa por la cual no debíamos expedir el auto solicitádo, revocar la orden recurrida y devolver el caso ante instancia para que se celebrara una vista evidenciaría a los efectos de que el tribunal determinara si procedía o no emitir un embargo preventivo sobre los bienes de los peticionarios, previa prestación de fianza.
*646 Los recurridos cumplieron por lo que estamos en posición de adjudicar el recurso ante nos. Por los fundamentos que a continuación exponemos, procede que resolvamos de conformidad con lo intimado.
En su escrito, los peticionarios señalan que el tribunal de instancia erró "... al disponer en este caso la anotación preventiva que autoriza el artículo 113 de la Ley Hipotecaria (30 LPRA 2402), sin que se esté en el presente caso en ninguna de las situaciones contempladas en el inciso primero del artículo 112 de la propia ley (30 LPRA 2401) y sin haber dado cumplimiento a lo dispuesto en la regla 56.2 de las de Procedimiento Civil en vigor y a la jurisprudencia que la interpreta". Tienen razón.
En la demanda que contra los peticionarios instaron, los recurridos expusieron, en síntesis, que los peticionarios eran dueños de tres propiedades en el Municipio de Canóvanas; que Desarrollos Modernos, S.E., representadas por los peticionarios, "entraron en un contrato para la venta de viviendas residenciales localizadas en las propiedades antes descritas; que en violación de esos contratos los peticionarios le vendieron las propiedades a Desarrollos del Caribe, S.E.; que esta entidad constituyó tres hipotecas en garantía de tres pagarés sobre las propiedades antes descritas y que los peticionarios son los tenedores de los mismos; que los peticionarios vendieron y enajenaron las tres propiedades con el propósito... de no compartir con los recurridos el derecho de recibir los beneficios del cincuenta por ciento (50%) del treinta y tres y un tercio por ciento (33 1/3%) que éstos iban a derivar del desarrollo y la venta del referido proyecto y que la acción de los peticionarios privó a los recurridos de recibir los beneficios a los cuales tenían derecho según el contrato que habían suscrito." Reclamaron compensación económica por los daños y perjuicios que esa alegada actuación les causó.
Los peticionarios contestaron la demanda; aceptaron la existencia de contratos entre las partes; que unas partes del contrato que se citaban en la demanda aparecían en aquellos; que se habían vendido las tres propiedades a que aludía la demanda, pero negaron las imputaciones de fraude y la procedencia de la reclamación formulada en su contra.
Luego de fracasar en obtener que el Registrador de la Propiedad correspondiente anotara preventivamente la demanda sobre las tres propiedades de referencia y aduciendo que tenían un derecho preferente de compra y de desarrollo sobre los tres inmuebles antes indicados, mediante moción al efecto los recurridos le solicitaron al tribunal de instancia que le ordenara al Registrador de la Propiedad que anotara la demanda presentada sobre las propiedades de referencia. Argumentaron que al tenor del Artículo 113 de la Ley Hipotecaria, 30 L.P.R.A. see. 2402, se trataba de un pleito que giraba en tomo a derechos reales sobre los inmuebles de referencia.
Los peticionarios se opusieron. Alegaron que en la demanda no se reclamaba derecho registrable alguno y que tampoco se ejercitaba acción alguna que afectara el título sobre los inmuebles. Expusieron que si los peticionarios interesaban el embargo de la propiedad tenían que cumplir con los requisitos establecidos en Rivera Rodríguez v. Taylor, supra.
El tribunal de instancia accedió a lo solicitado por los recurridos y ordenó la anotación preventiva solicitada sin celebrar vista alguna. Al así actuar incurrió en error.
Desconocemos todos los términos del contrato entre las partes porque ambas optaron por referirse a una sección del mismo. Esta es la que la parte recurrida sometió como Exhibit II de su comparecencia escrita y de la cual los peticionarios citan algunas secciones en su demanda. Del Exhibit II se desprende que mediante el contrato de referencia los recurridos invirtieron la suma de $210,000.00 en un proyecto residencial que desarrollaría la empresa Desarrollos Modernos, Inc. sobre los tres inmuebles antes indicados y que en el momento en que se otorgara el contrato le pertenecía a los peticionarios; que los recurridos garantizaron dicha inversión con una hipoteca sobre dichos inmuebles en garantía de un pagaré que disponía que la suma se pagaría con intereses al siete porciento (7%) anual desde el 22 de enero de 1993 y que, en adición, los peticionarios le pagarían a los recurridos el cincuenta por ciento (50%) de los beneficios que los peticionarios obtuvieran de su participación en el proyecto, equivalente al treinta y tres porciento (33 1/3 %). Acordaron también que los recurridos le pagarían a los peticionarios la suma de $750,000.00 a cambio de un interés igual al *647 75% sobre una parcela que se desarrollaría comercialmente, pero dispusieron que si la parcela se desarrollaba para uso residencial, la ganancia de los peticionarios sería entonces el cincuenta porciento (50%) del beneficio que recibieran los recurridos.
Como puede apreciarse, resulta evidente que aunque relacionadas con las propiedades indicadas, las obligaciones contraídas por las partes son personales, no reales. La demanda no reclama la propiedad de bienes inmuebles, la constitución, declaración, modificación o extinción de algún derecho registrable y no incluye reclamación alguna que afecte el título de propiedad inmueble, o la validez y eficacia, o invalidez o ineficacia, del título o títulos referentes a la adquisición, constitución, declaración, modificación o extinción de derechos registrables. La demanda es a todas luces una reclamación de los recurridos contra los peticionarios solicitándole una compensación económica de daños y perjuicios por el incumplimiento de las obligaciones contractuales que los peticionarios contrajeron con los recurridos al alegadamente privarlos de las ganancias que le correspondían al tenor de la inversión y los términos contractuales antes indicados.
En tales circunstancias, no procedía que el tribunal ordenara la anotación de la demanda sobre las propiedades inscritas. El artículo 112 de la Ley Hipotecaria de 1979, supra, prescribe quiénes pueden solicitar la anotación preventiva de una demanda al disponer en lo pertinente lo siguiente:

"Podrán pedir anotación preventiva de sus respectivos derechos en el Registro:

1ro. El que reclamare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extinción de cualquier derecho registrable o el que reclamare en alguna acción que afecte al título de propiedad inmueble, o sobre la validez y eficacia, o invalidez o ineficacia, del título o títulos referentes a la adquisición, constitución, declaración, modificación o extinción de los precitados derechos registrables.

2do. El que con arreglo a derecho obtuviere a su favor mandamiento de embargo, sobre bienes inmuebles del deudor.

3ro. El que en juicio reclamare el cumplimiento de cualquiera obligación y obtuviere, con arreglo de las leyes, resolución ordenando el secuestro o la prohibición de enajenar bienes 'inmuebles.

4to. El legatario de derechos sobre bienes inmuebles determinados, siempre que no lo sea también de parte alícuota del caudal hereditario o heredero.

5to. El acreedor refaccionario mientras duren las obras que sean objeto de refacción.

6to. Los que propusieren demandas con el objeto de que se declare la incapacidad legal para administrar, o la ausencia, o el fallecimiento o cualesquiera otras por las que se modifique la capacidad civil de las personas en cuanto a la libre disposición de sus bienes; y también los que obtengan Resoluciones que produzcan incapacidad legal para administrar bienes o que afecten a la capacidad civil en cuanto a la libre disposición del patrimonio, declaren o no de modo terminante dichas incapacidades, cual ocurre en los casos en que se declara judicialmente la quiebra o el concurso de acreedores.

7mo. El que en cualquier otro caso tuviere derecho a exigir anotación preventiva conforme a lo dispuesto en este subtítulo o en cualquier otra ley.

También tomará anotación preventiva el registrador en todo caso en que deniegue la inscripción con arreglo a las sees. 2273 y 2274 de este título." (Enfasis nuestro)
Como puede apreciarse sin dificultad, el inciso (1) del artículo citado permite la anotación preventiva de una demanda únicamente cuando ésta incluya acciones que de acuerdo con sus propios términos pueden concluir por ejecutoría inscribible, Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664 (1989), o cuando en la demanda se reclamen derechos que tengan que ver directamente con el título inscrito y de algún modo pueden afectarlo. Pérez Mercado v. Martínez, Op. del 9 de marzo de 1992, 92 J.T.S. 32. Esta anotación puede llevarse a cabo por mandamiento judicial o, en el caso de que se fundamente en un derecho real inscrito, por medio de copia certificada de la demanda, *648 lo que no sucede en el caso que nos ocupa. Ello no obstante, si la acción no es de las que pueden ser inscrita en el Registro de la Propiedad, el que el tribunal lo ordenara tampoco subsana el error de derecho o la improcedencia de la anotación preventiva.
Para determinar si procede o no la anotación preventiva en el Registro de la Propiedad de un aviso de pleito pendiente (lis pendens) lo decisivo no es si se reclama en la demanda un derecho de carácter personal, sino si la acción presentada afecta el título de un bien inmueble. Banco Central y Economías v. Registrador, 111 D. P.R. 773 (1981). Para que se pueda anotar la demanda, la reclamación debe afectar el título o el derecho de posesión de propiedad inmueble. Como en el caso que nos ocupa la acción instada es una estrictamente personal, erró el tribunal de instancia al ordenar que se anotara la demanda sobre las tres propiedades descritas.
No obstante ello y el hecho de que los fundamentos antes expuestos son suficientes para revocar la orden recurrida, un examen de ésta revela que el tribunal dispuso que "... para propósitos regístrales las fincas descritas en primer y tercer orden responden por la suma de $25,000.00 cada una y la finca descrita en segundo orden responden [sic] por la suma de $100,000.00. Al así disponer la orden recurrida adquirió características de orden de embargo, pero en tal calidad el tribunal tampoco podía expedirla."
La Regla 56.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, autoriza el embargo como uno de los remedios provisionales que puede dictar un tribunal, a solicitud de un reclamante, para asegurar la efectividad de una sentencia. Estos remedios pueden ser concedidos antes o después de dictarse la sentencia y están reglamentados por lo dispuesto en las Reglas 56.2 a 56.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
Ahora bien, el tribunal tiene que celebrar una vista previa a la concesión del embargo, en aquellas situaciones en que el reclamante no ha alegado o demostrado tener un previo interés propietario sobre la cosa embargada; no ha alegado o demostrado la existencia de circunstancias extraordinarias; o no ha alegado o demostrado la probabilidad de prevalecer mediante prueba documental fehaciente de la cual se desprenda que la deuda es una líquida, vencida y exigible. Unicamente en estas situaciones es que un tribunal podrá posponer la celebración de dicha vista hasta depués de trabado el embargo. Rivera Rodríguez v. Taylor, supra. En todo caso deberá darle cumplimiento a los términos de la Regla 56.3 de las de Procedimiento Civil, supra, en lo referente a la prestación de fianza.
En el caso de autos, los recurridos no alegaron o demostraron que tuviesen un interés propietario sobre los inmuebles que interesan embargar y el tribunal de instancia no celebró vista adversativa alguna antes de emitir la orden recurrida. Los recurridos no alegaron ni demostraron la posibilidad de que los peticionarios desaparecieran los bienes con el fin de no satisfacer la sentencia que en su día pudiera dictarse; tampoco alegaron o demostraron mediante prueba documental fehaciente la existencia de una deuda líquida, vencida y exigible, o que tuviesen probabilidades de prevalecer en los méritos.
Considerado este trasfondo procesal y por las razones expuestas, concluimos que la orden recurrida no puede tampoco sostenerse como una de embargo. En consecuencia, se expide el auto solicitado, se dicta sentencia dejando sin efecto la orden de anotación de demanda emitida el 25 de junio de 1995, sin perjuicio de que si la parte recurrida así lo solicita mediante moción fundamentada, el tribunal de instancia pueda celebrar una vista adversativa para determinar aplicando los criterios establecidos en Rivera Rodríguez v. Taylor, supra.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 2
1. Esta dispone lo siguiente:

*649
"En todo pleito antes o depués de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso.

En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial."